353 NORTH CLARK STREET   CHICAGO   ILLINOIS   60654-3456

**JENNER&BLOCK** LLP

FILED
[illegible stamp]

2013 NOV -8  A 9: 25

November 7, 2013

Brienne M. Letourneau
Tel 312 840-7484
Fax 312 840-7584
bletourneau@jenner.com

VIA UPS OVERNIGHT MAIL

Clerk, District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

13-10262-
MLW

To the Clerk of the District of Massachusetts:

Pursuant to Rule 4.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, enclosed please find the following, which were filed today via CM/ECF:

- Sempris, LLC's Motion For Transfer For Coordinated Or Consolidated Pre-Trial Proceedings Pursuant To 28 U.S.C. § 1407, and exhibits thereto;

- Sempris LLC's Brief in Support of Motion For Transfer For Coordinated Or Consolidated Pre-Trial Proceedings.

Sincerely,

Brienne M. Letourneau

Enclosures

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

)
)
IN RE SEMPRIS MEMBERSHIP )
PROGRAM MARKETING LITIGATION ) MDL DOCKET NO. ____
)
)

**DEFENDANT SEMPRIS, LLC'S MOTION FOR TRANSFER FOR COORDINATED OR CONSOLIDATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of the Judicial Panel on Multidistrict Litigation, Defendant Sempris, LLC respectfully moves the Judicial Panel on Multidistrict Litigation (the "Panel") for an Order transferring for coordinated or consolidated pre-trial proceedings before the Honorable S. James Otero of the United States District Court for the Central District of California four pending federal actions – *Daniell v. Sempris, et al.*, Case No. 13-CV-6938 (N.D. Ill.); *Kist v. Sempris, et al.*, Case No. 13-CV-10262 (D. Mass.); *Herman v. Sempris, et al.*, Case No. 13-CV-20 (W.D. Mich.); and *Maher v. Sempris, et al.*, Case No. 13-CV-2202 (D. Minn.) – and any subsequently filed "tag-along" actions concerning allegations that Sempris enrolled Plaintiffs in Sempris's fee-based monthly membership programs without Plaintiffs' effective consent.

As set forth below and in the accompanying memorandum, the coordination or consolidation of the actions listed in the accompanying Schedule of Actions (which were all brought on behalf of different Plaintiffs by the same law firm, Edelson LLC, and we refer to as the "Edelson Actions") will advance the just and efficient conduct of these actions, and is

appropriate because each of the Edelson Actions concerns one or more common questions of fact.[1] In support of its Motion, Sempris states as follows:

1. Entire sections of the complaints in the Edelson Actions (the "Complaints") are copied nearly verbatim from each other. The Edelson Actions assert nearly identical allegations regarding alleged "conspiracies" between Sempris and other Defendants to enroll Plaintiffs in Sempris's fee-based monthly membership programs without Plaintiffs' effective consent. While Sempris vigorously denies the allegations, each Complaint contends that the "fraud" or "deception" is "perpetrated" in the same manner, *i.e.,* a retailer sells a consumer product to a consumer; the retailer forwards the consumer's billing information to another party, allegedly without the consumer's consent; the other party then offers the consumer gifts and rebates to induce the consumer to purchase a monthly fee-based membership in a Sempris discount program; and then Sempris allegedly automatically enrolls the consumer in the Sempris program by charging the consumer's credit or debit card regardless of whether the consumer actually agrees to the membership.

2. The Complaints assert carbon copy legal theories and seek relief under both consumer fraud statutes and the state common law. Moreover, the four putative class actions seek nearly identical relief, including compensatory damages, attorneys' fees, expenses, pre- and

---

[1] The fact that each purported class action complaint contains virtually identical factual allegations is relevant only to demonstrate "common questions of fact" among the actions for purposes of coordination under 28 U.S.C. § 1407. Whether each action presents questions of fact that are common to all proposed class members and whether those questions predominate for purposes of class certification are two distinct inquiries. *See, e.g., In re 7-Eleven Franchise Antitrust Litig.,* 358 F. Supp. 286, 287 (J.P.M.L. 1973) ("The criteria for a class determination pursuant to Rule 23 of the Federal Rules of Civil Procedure are different from the criteria for transfer pursuant to 28 U.S.C. § 1407."). Nothing contained herein should be construed as an admission that there are common questions of fact or that common issues predominate over individual issues for purposes of class certification. Sempris expressly reserves and does not waive its rights to contest the Complaints, including any request for class certification, on any basis.

2

post-judgment interest, and injunctive relief. *See Daniell* Second Am. Compl. ¶¶ C, E-I (Ex. D); *Kist* First Am. Compl. ¶¶ C-H (Ex. E); *Herman* First Am. Compl. ¶¶ C-H (Ex. F); *Maher* Compl. ¶¶ C-H (Ex. G). One Scheduled Action also asserts a violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693e, and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

3. The four actions are currently pending in the Northern District of Illinois, District of Massachusetts, Western District of Michigan and District of Minnesota, and each is in a similar procedural posture, *i.e.,* early pleading stage. While the Edelson firm has stated that additional similar actions will soon be filed, Sempris is not at present aware of any other related federal actions currently pending.

4. The discovery required in each of the Scheduled Actions is substantially similar and will involve considerable overlap of documents and witnesses. Plaintiffs' counsel has admitted on the record that "the discovery sought in each case is essentially the same as being sought in the other matters." (Excerpt of Transcript of Sept. 10, 2013 Hearing, attached as Exhibit H.)

5. Plaintiffs likely intend to move for class certification in the Edelson Actions. Unless the actions are transferred to a single forum for coordinated or consolidated pre-trial proceedings, there is a substantial risk that the various district courts will render inconsistent pre-trial rulings.

6. If this Panel finds that centralization is appropriate, Sempris recommends that this Panel consolidate these matters before Judge Otero in the Central District of California for four reasons:

7. *First,* Judge Otero has experience with the factual and legal issues involved in these cases, given that Judge Otero presided over a predecessor of the Edelson Actions (*Dioquino v. Sempris, LLC*, C.D. Cal., Case No. 11-cv-5556) also brought by the Edelson firm. In *Dioquino*, Judge Otero oversaw discovery, entertained Sempris's motion to dismiss and ruled on Plaintiff's class certification motion, making him the most experienced jurist in addressing the precise issues raised by the Complaints.

8. *Second,* Judge Otero has experience handling MDL cases, and currently presides over *In re Korean Air Lines Co., Ltd.*, MDL-1891, 2:07-cv-05107 (C.D. Cal.).

9. *Third,* the Central District of California, where Judge Otero sits, is convenient for the parties and counsel. All of the counsel in the Edelson Actions either have offices in or near Los Angeles, or do not object to transfer to Judge Otero.

10. *Fourth*, transfer to Judge Otero will ensure the just and efficient conduct of the litigation and is necessary to avoid the possibility of overlapping classes, duplicative discovery obligations and conflicting pre-trial rulings.

11. The transfer and coordination or consolidation of pre-trial proceedings of the actions will promote the just and efficient conduct of the litigation, assist the development of a consistent law of the case and aid the potential for global resolution of the litigation.

12. The early transfer and consolidation of pre-trial proceedings of the actions will significantly lessen the burden placed on the district courts and the parties.

13. Sempris has met and conferred with the other parties regarding this MDL Motion. Defendants E. Mishan & Sons, Inc. and Quality Resources, Inc. have indicated that they do not oppose consolidation before Judge Otero in the Central District of California. Defendant Health Pure Products, LLC takes no position on the merits of the Motion, but if the Motion is granted, it

supports transfer to Judge Otero in the Central District of California, where it is located. Plaintiffs and Defendant Digital River have indicated that they will oppose the requested relief.

WHEREFORE, Sempris respectfully request that the Judicial Panel on Multidistrict Litigation grant this Motion, and transfer these cases to the United States District Court for the Central District of California before Judge S. James Otero for coordinated or consolidated pre-trial proceedings.

Date: November 7, 2013                    Respectfully submitted,

/s/ David Jiménez-Ekman
David Jiménez-Ekman
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
djimenez-ekman@jenner.com

*Counsel for Defendant Sempris, LLC*

5